MINNIE WEHRLE, PETITIONER-DEFENDANT, v. SHERWIN WILLIAMS COMPANY, RESPONDENT-PROSECUTOR.

Submitted October 2, 1945—Decided October 31, 1945.

For the petitioner-defendant, *William F. Nies* and *William L. Vieser.*

For the respondent-prosecutor, *John W. Taylor.*

The opinion of the court was delivered by

BODINE, J. This is a workmen's compensation case. The Bureau dismissed the petition because the petitioner had failed to prove that the deceased died of an accident arising out of and in the course of his employment. The Court of Common Pleas reversed and *certiorari* was allowed.

The decision of this case turns upon a finding of fact from the medical proofs. Petitioner first called a physician who had performed an autopsy. The deceased suffered from a chronic disease of the heart. On the night of his death, he performed his usual tasks. He was foreman of a paint plant and a shader of color. Before he went to work he complained of indigestion. He dosed himself with Eno salt and felt better. He repeated the treatment at the plant. Having mixed the color he rested for twenty-five minutes and then went to the testing room. To reach the room he was obliged to walk from 100 to 125 feet, then through a tunnel up six steps to a landing, then up another flight and continue about 125 feet to the testing room. Shortly thereafter, he was found dead with the flask of color to be tested untouched.

This doctor testified that any kind of exertion could have accelerated his death. There was no thrombosis. The only thing found in the autopsy was that he died of cardiovascular heart disease.

Another physician called by the petitioner testified that the work contributed to his death. But on cross-examination, he said that the disease was so far progressed that the deceased might have died from it at any time. There was no evidence of any great exertion.

It does not seem to us that there was any evidence of death by accident. The fair inference is that the deceased might have died at any time from disease. The only proof of exertion before the death was walking to the testing room and it occurred before any test was made.

We can only agree with the physician called by the respondent that there was no causal relationship between the death and the employment. The employer cannot be held liable because the employee fails to procure treatment for a chronic heart condition. Death would have occurred without the employment. From the proofs it is a fair conclusion that death was the result of disease and was not accidental. In fact, there was no accident.

The judgment of the Court of Common Pleas will be reversed, and the judgment of the Bureau will be affirmed.

Mr. Justice Perskie dissents.